IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN D. ROSARIO-RIVERA

    **Plaintiff,**

        v.

**WAL-MART DE PUERTO RICO, ET. AL.,**

    **Defendants.**

CIVIL NO. 20-1693 (PAD)

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Juan D. Rosario-Rivera sued his former employer, Wal-Mart Puerto Rico, Inc., and an unknown insurance company under the American with Disabilities Act, 42 U.S.C. §§ 12101 *et. seq.* ("ADA"); the Rehabilitation Act of 1973, 29 U.S.C. § 794; and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* ("ADEA") (Docket No. 1, ¶ 1). Basically, he alleged that he was injured in a work accident that left him disabled and Wal-Mart refused to accommodate him, instead firing and replacing him with a 26-year-old employee.

At termination, plaintiff was 65 years of age and had been with Wal-Mart for approximately 40 years. Wal-Mart moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 10), which plaintiff opposed (Docket No. 17). Wal-Mart replied (Docket No. 21), and plaintiff sur-replied (Docket No. 25). For the reasons explained below, Wal-Mart's motion to dismiss is DENIED as to the ADA and GRANTED with respect to the Rehabilitation Act and the ADEA.

Rosario-Rivera v. Wal-Mart de Puerto Rico, et. al.
Civil No. 20-1693 (PAD)
Memorandum and Order
Page 2

## I. DISCUSSION

### A. Pleading Standard

Pursuant to Fed.R.Civ.P. 12(b)(6), a cause of action may be dismissed for failure to state a claim upon which relief can be granted. A motion under this rule focuses on whether the action involves "a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dept. of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010). Plausibility is not akin to probability but asks for more than a sheer possibility that a defendant acted unlawfully. Id. To avoid dismissal, a plaintiff must provide "more than labels and conclusions." Bell Atl. Corp., v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action will not do. Id. Yet if the accompanying factual content holistically permits the court to reasonably infer "that the defendant is liable for the misconduct alleged," dismissal is not appropriate. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). This inquiry does not demand a high degree of factual specificity. Id.

Sufficiency may be found even if a plaintiff has not alleged every fact necessary to win at trial or to successfully resist summary judgment. See, Rodríguez-Vives v. Puerto Rico Firefighters Corps of Puerto Rico, 743 F.3d 278, 283, 286 (1st Cir. 2014) (addressing topic). What is more, there "need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action." García-Catalán 734 F.3d at 103. A plausible but "inconclusive inference from pleaded facts" suffices at this juncture. Rodríguez-Vives, 743 F.3d at 286.

Rosario-Rivera v. Wal-Mart de Puerto Rico, et. al.
Civil No. 20-1693 (PAD)
Memorandum and Order
Page 3

**B. ADA**

Plaintiff alleges that he was discriminated against in violation of the ADA (Docket No. 1, ¶ 1).[1] The ADA prohibits discrimination against "qualified individuals" with a disability. See, 42 U.S.C. § 12111(8). Disability means a physical or mental impairment that substantially limits one or more of the major life activities; a record of the impartment; or being regarded as having such an impairment. See, 42 U.S.C. § 12102(2). To be considered qualified, the employee must be "able to perform the essential functions of [his] position with or without reasonable accommodation." Phelps v. Optima Health, Inc., 251 F.3d 21, 25 (1st Cir. 2001).

Shifting lenses to the factual setting, in 1980 plaintiff began working for Wal-Mart as a Meat Cutter (Docket No. 1, ¶ 6).[2] On August 20, 2018, he suffered a work accident while unloading a case of pork chops from an overhead bin and was referred to the Corporation of the State Insurance Fund of Puerto Rico ("SIFC"). Id. at ¶ 8.[3] A study performed therein revealed that plaintiff's left shoulder rotator cuff was broken, for which he underwent surgery on October 5, 2018. Id. at ¶¶ 9-10. On April 20, 2019, the SIFC cleared him to return to work and the next day, he made a formal request for accommodation. Id. at ¶¶ 11-12. After a meeting that included Wal-Mart's Operational Manager, Wal-Mart denied his request. Id. at ¶ 12.

---

[1] Under the ADA, discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless the covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the [entity's] business." Tobin v. Liberty Mutual Ins. Co., 553 F.3d 121, 125 n.2 (1st Cir. 2009)

[2] The narrative is taken from well-pleaded facts alleged in the Complaint, which the court accepts as true for purposes of Fed.R.Civ.P.12(b)(6), drawing all "reasonable inferences" in the plaintiff's favor. Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 52-53 (1st Cir. 2013).

[3] The SIFC was created under Puerto Rico law as "a public governmental agency … to administer workers compensation and medical treatment programs for employees injured in the workplace." Borrás-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F. 3d 26, 30 (1st Cir. 2020). It is part of the workers' compensation scheme put in place by the Puerto Rico's Worker's Accident Compensation Act, Law No. 45 of April 18, 1935, as amended, P.R. Laws Ann. tit. 11 § 1 et seq.

Rosario-Rivera v. Wal-Mart de Puerto Rico, et. al.
Civil No. 20-1693 (PAD)
Memorandum and Order
Page 4

On June 3, 2019, plaintiff met with a vocational rehabilitation specialist in the SIFC, who sent a letter to Wal-Mart requesting an accommodation for plaintiff, with several suggestions to allow him to perform his duties as a Meat Cutter (Docket No. 1, ¶ 13). Wal-Mart, however, never provided him with any of the accommodations that the SIFC suggested. Id. at ¶ 14. Instead, on September 19, 2019, Wal-Mart informed plaintiff that it would allow him to take sick leave without pay as a reasonable accommodation. Id. at ¶ 15. On September 15, 2020, Wal-Mart sent plaintiff a letter acknowledging that "the work incident he suffered left him with a permanent disability which precluded him from lifting objects weighing more than 50 pounds," and advising him that he would be relocated to a part-time cashier position. Id. at ¶ 20. Furthermore, the letter warned plaintiff that he would be fired if he refused to accept the lower-paying position. Id. On September 26, 2020, he was fired. Id. at ¶ 21.

Wal-Mart posits plaintiff has not plausibly shown that he suffers from a covered disability within the meaning of the ADA (Docket No. 10, p. 4). Read holistically in light of the criteria governing Rule 12(b)(6), the allegations plausibly state a claim. Wal-Mart is demanding a level of specificity that the rule does not require to withstand dismissal. What plaintiff has alleged suffices for now, for he pleaded sufficient facts to provide fair notice to Wal-Mart of the underpinnings of the cause of action and, on that account, to state a facially plausible claim for relief under the ADA. On this basis, Wal-Mart's motion to dismiss the ADA claim must be denied.[4]

C. **Rehabilitation Act**

Plaintiff alleges that Wal-Mart violated Section 794 of the Rehabilitation Act (Docket No. 1, ¶ 25). Section 794(a) states that no otherwise qualified individual with a disability "shall, solely

---

[4] The court offers no view on how it may rule on these issues with the benefit of a fully developed record after discovery.

Case 3:20-cv-01693-PAD   Document 30   Filed 08/17/21   Page 5 of 8

Rosario-Rivera v. Wal-Mart de Puerto Rico, et. al.
Civil No. 20-1693 (PAD)
Memorandum and Order
Page 5

by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" receiving federal funds. See, 29 U.S.C. §794(a); Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis., 804 F.3d 178, 786 (2d Cir. 2015)(the Rehabilitation Act only applies to programs that receive federal financial support). As they relate to corporations, the term "programs or activities" is defined to include instances in which assistance is extended to the corporation "as a whole" or if the corporation "is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation." Drachman v. Boston Scientific Corporation, 258 F.Supp.3d 207, 210 (D.Mass. 2017).

Wal-Mart maintains that dismissal is appropriate because the complaint is silent as to these elements (Docket No. 10, p. 9). In opposing dismissal, plaintiff states that Wal-Mart receives federal subsidies (Docket No. 17, ¶ 11). But the allegation is threadbare. And what the complaint states is that Wal-Mart is a corporation authorized to do business in Puerto Rico and operates several retail stores in Puerto Rico (Docket No. 1, ¶ 4). No mention is made of federal funding or any program or activity within the scope of Section 794(a). In this state of affairs, Wal-Mart's request to dismiss the Rehabilitation Act claim must be granted.

**D. ADEA**

Plaintiff alleges to have been discriminated against because of his age in violation of the ADEA (Docket No.1, ¶ 1). Under the ADEA, an employer may not "discharge ... or otherwise discriminate against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of [his] age." 29 U.S.C. § 623(a)(1). In deferral states such as Puerto Rico, a plaintiff "must file" a charge of unlawful discrimination with the EEOC within 300 days of the alleged unlawful practice. Am. Airlines, Inc. v. Cardoza-Rodríguez, 133 F.3d 111, 122 (1st Cir. 1998). Subject to limited exceptions not relevant here, failure to do so "bars the

courthouse door." Velázquez-Ortiz v. Vilsack, 657 F.3d 64, 71 (1st Cir. 2011). Wal-Mart posits that the claim should be dismissed for failure to exhaust those administrative remedies (Docket No. 10, p. 11).

Plaintiff filed a charge with the EEOC (Docket No. 10-1).[5] But the Charge that he filed was for disability, not age discrimination. It contains one box checked, that of "Disability." The narrative is circumscribed to disability, and how it affected plaintiff. Id. In it, plaintiff states that "I have been discriminated against because of my disability, which is a violation of the 'Americans with Disabilities Act' of 1990, as amended." Id. Nothing in the charge refers to discrimination based on age, or that plaintiff was substituted by a younger employee. Id. Plaintiff even failed to check the box marked for "Age." The record does not show that after realizing that the age discrimination claim was missing from the charge, action was taken to correct it. From what plaintiff proffered, he made no attempt to file a new charge or amend the charge at all. See, Boge v. Ringland-Johnson-Crowley Co., 976 F.2d 448, 452 (8th Cir. 1992)(dismissal for failure to exhaust under those circumstances).[6]

Age discrimination is not the same as, is not reasonably related to, or naturally grows out of disability discrimination. It encompasses a different type of discriminatory animus. So, a charge involving disability discrimination does not suffice to comply with the charging requirement for age or other types of discrimination. See, Castellano v. UNITEX, INC., 885

---

[5] The court may consider the Charge, for in evaluating motions to dismiss it may examine documents attached to or fairly incorporated into the complaint, facts susceptible to judicial notice, concessions in plaintiff's response to the motion to dismiss, documents the authenticity of which are not disputed by the parties and official public records. See, Nieto-Vicenty v. Valledor, 984 F.Supp.2d 17, 20 (D.P.R. 2013)(listing documents court may consider under Rule 12(b)(6)); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)(similar). The Charge satisfies these parameters, as the Complaint alleges that plaintiff "filed a discrimination charge with the E.E.O.C., Charge No. 515-2019-00554" (Docket No. 1, ¶ 17).

[6] Plaintiff did not identify or submit email(s), letter(s), or record(s) of communication(s) requesting that the Charge be amended to include a claim for age discrimination.

Case 3:20-cv-01693-PAD   Document 30   Filed 08/17/21   Page 7 of 8

Rosario-Rivera v. Wal-Mart de Puerto Rico, et. al.
Civil No. 20-1693 (PAD)
Memorandum and Order
Page 7

F.Supp. 2d 539, 544 (D.P.R. 2017)(dismissing disability claim for failure to exhaust where EEOC charge only included allegations of age discrimination); Thomas v. Ohio Civil Rights Comm'n, 2006 WL 1697577, *5 (S.D. Ohio June 20, 2006)(dismissing sex and disability discrimination claims given that charge only complained of race discrimination).

Plaintiff argues that the charge "must be deemed to have been orally amended" to include an age discrimination claim because the EEOC held several meetings with each party to try to settle their disputes, including the age discrimination claim, to no avail (Docket No. 17, ¶ 17). Alleged oral amendments do not comply with the charge-filing requirement. See, Herman v. Baker, 940 F.2d 1534 (9th Cir. 1991)(retaliation claim dismissed for failure to exhaust administrative remedies even though plaintiff raised claim orally at EEOC hearing); Weston v. Wal-Mart Stores East, Inc., 2008 WL 4372772, *5 (E.D. Tenn. Sept. 18, 2008)(rejecting purported oral amendment). Likewise, an oral communication of the desire to amend a charge – something not even alleged to have occurred here – does not alter the fact that the missing claims "were not included in the charge." Weston, 2008 WL 4372772 at *5. Thus, Wal-Mart's request to dismiss the ADEA claim must be granted.[7]

---

[7] In the Sur-reply, plaintiff argues that the Complaint implicitly includes a retaliation action that arose out of the charge and did not have to be included therein (Docket No. 25, ¶¶ 11, 13). The complaint is silent as to retaliation. It refers to discrimination under the ADA (id. ¶¶ 1, 23, "**FIRST CAUSE OF ACTION-DISCRIMINATION UNDER ADA**"); discrimination under the Rehabilitation Act (id., ¶¶ 1, 25, "**SECOND CAUSE OF ACTION-DISCRIMINATION UNDER RA [REHABILITATION ACT] OF 1973**"), and discrimination under the ADEA (id., ¶¶ 1, 26, 27, "**THIRD CAUSE OF ACTION-AGE DISCRIMINATION IN THE EMPLOYMENT ACT**")(bold font in original, indentation added). A pleader must clearly spell out all causes of action it intends to bring to the court's attention. No one should be asked to depend on the imagination to figure what those causes of action are.

Case 3:20-cv-01693-PAD   Document 30   Filed 08/17/21   Page 8 of 8

Rosario-Rivera v. Wal-Mart de Puerto Rico, et. al.
Civil No. 20-1693 (PAD)
Memorandum and Order
Page 8

## II.   CONCLUSION

For the reasons stated, Wal-Mart's motion to dismiss (Docket No. 10) is GRANTED with respect to the Rehabilitation Act and ADEA but DENIED in connection with ADA.

**SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of August, 2021.

                                                s/Pedro A. Delgado Hernández
                                                PEDRO A. DELGADO HERNÁNDEZ
                                                United States District Judge